E-filed 11/9/2016

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON VON RAESFELD,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANDON PAIGE, et al.,<br><br>    Defendants. | Case No.16-cv-06497-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT COURT JUDGE**<br><br>**ORDER GRANTING IFP APPLICATION**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

Defendant Brandon Paige removed this unlawful detainer action from the Santa Clara County Superior Court. He also seeks leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned grants the IFP applications, but nonetheless recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C. § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Defendant qualifies financially for IFP status, and his IFP application therefore is granted. Even so, he may not proceed in this court because there is no federal subject matter jurisdiction over this matter.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before the final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id.

Defendant's notice of removal contends that this court has jurisdiction because the Protecting Tenants at Foreclosure Act of 2009 (PFTA) governs the plaintiff's claim, even though the complaint does not reference this—or any other—federal law. Dkt. No. 1, ¶¶ 5-7. Defendant cites Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing, 545 U.S. 308 (2005), for the proposition that a district court may have subject matter jurisdiction even over a state law claim if there are essential and substantial federal issues that the federal court may decide without disturbing the congressionally approved balance of federal and state judicial responsibilities. But under Grable, "the state law claim must still be premised on a substantial federal issue on its face." Fed. Nat'l Mortg. Ass'n v. Bravo, No. CV 13-573-CAS-(JEMx), 2013 WL 812705, at *2 (C.D. Cal. Mar. 5, 2013). The plaintiff's complaint presents a claim for unlawful detainer; it does not allege any federal issues whatsoever. Only Paige's defense relies on an interpretation of the PFTA. Grable does not apply here, and the court does not have federal question jurisdiction.

Nor does this court find any basis for diversity jurisdiction. Federal district courts have

jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. Defendant fails to identify the citizenship of each party. But this is of no import, since the complaint indicates that the amount in controversy does not exceed $10,000. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the removal of this case was improper. Defendant is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: 11/9/2016

HOWARD R. LLOYD
United States Magistrate Judge